IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
GREENBELT DIVISION

EARL L. KENDRICK
    11013 Gainsborough Road
    Potomac,  MD 20854

    Plaintiff

v.

Case No. 8:13-cv-02909

OCWEN LOAN SERVICING, LLC
2711 Centerville Rd
Suite 400
Wilmington, DE 19808
Serve:
    CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

    Defendant

**COMPLAINT
AND
REQUEST FOR JURY TRIAL**

**NATURE OF THE ACTION**

This one count is for violation of the Real Estate Settlement Procedure Act, specifically U.S.C.A. § 2605 (West).

**JURISDICTION AND VENUE**

1.    The matters asserted herein present federal question and the court has jurisdiction under 28 U.S.C. § 1331.

2.    Additionally, the court has jurisdiction under any non-federal claims under 28 U.S.C.A. § 1367.

3.    Venue is proper because all of the defendants transact business within the district and the conduct complained of occurred within the district. 28 U.S.C.A. § 1391(b)(2) (West).

**PARTIES AND PLAYERS**

4. Plaintiff Earl L. Kendrick ("Kendrick") is a resident of Montgomery County, Maryland and a citizen of the United States.

5. Mr. Kendrick is an 84 year old male who is self-employed as a condo manager for Woodmont Spring Condo and is also a fully licensed realtor.

6. Mr. Kendrick is a retired chemical engineer who, when employed, worked for DuPont.

7. On or about March 30, 2007 Mr. Kendrick executed a note with NovaStar Mortgage, Inc. for $519,183 to be paid over thirty years at the rate of 8.99% per year ("Note"). The Note was secured by a Deed of Trust. The Note and the Deed of trust is collectively known as the "Mortgage."

8. Ocwen Loan Servicing, LLC ("Ocwen") is a loan servicer for mortgage loans and currently and at all pertinent times was the portrayed servicer of the Mortgage.

9. An earlier servicer for the mortgage note was Saxon.

10. On December 1, 2009 Saxon ceased being the servicer of the loan as it was transferred to the Defendant, Ocwen.

11. Mr. Kendrick started experiencing difficulty in making his monthly mortgage payment partly as a result of the Great Recession of 2008.

12. In 2012 Mr. Kendrick applied for a loan modification which was eventually denied.

13. The Law Offices of Jeffrey Nadel sent Mr. Kendrick a Notice of Intent to Foreclose ("NOI") in an undated letter. The date on the NOI was May 18, 2013    The NOI also contained an application for a loan modification.

14. The NOI listed Deutsche Bank National Trust Company, as Trustee for the Registered Holders of NovaStar Mortgage Funding Trust, Series 2007-2 ("Trust").

15. All public securitized trusts must be registered with the Securities and Exchange Commission.

16. One of the documents creating a contract between the Trustee and Servicer is the Pooling and Servicing Agreement ("PSA).

17. The PSA defines how the various notes to the Trust enter the trust and the indorsements that each Note must have.

18. The PSA also defines the authority that the Servicer has in modifying any Note owned by the Trust.

19. The SEC filings also have a listing of the Notes that are contained in the Trust, as well as a cut-off date when the notes must enter the Trust.

20. Plaintiff has made an initial review of the PSA associated with the Trust and could not find his note listed.

**COUNT I**
**VIOLATIONS OF 12 U.S.C.A 2605(E)**
**QUALIFIED WRITTEN REQUEST**

21. Kendrick incorporates paragraphs 1 through 20 as if fully stated herein.

22. Kendrick is a borrower as referred to in 12 U.S.C.A. § 2605(b)(1) (West) of RESPA.

23. Ocwen is a servicer as referred to 12 U.S.C.A. §2605(b)(1) (West) of RESPA.

24. The loan referred to herein is a federally related mortgage.

25. On December 5, 2012 Kendrick submitted a Qualified Written Request ("QWR") as defined by 12 U.S.C.A. 2605(e)(1)(B),to Ocwen.  Exhibit 1

26. The QWR requested:

1. Copy(ies) of any promissory note(s) executed by the borrower;
2. The name of the investor that holds the borrower's loan.
3. The total amount needed to reinstate or bring the account current, and the amount of the principal obligation under the mortgage;
4. Documentation that shows any enforceable interest in the promissory note and mortgage (or deed of trust) under applicable state law;
5. Documentation that shows that you or your principal is a proper party to the foreclosure action.
6. All records that support any statement made in any foreclosure action including pleading(s), affidavit of indebtedness or similar affidavits in court foreclosure proceedings that sets forth the basis for asserting that the foreclosing party has the right to foreclose.
7. The date through which the borrower's obligation is paid;
8. The date of the last full payment;
9. The current interest rate in effect for the loan (if the rate is effective for at least 30 days);
10. The date on which the interest rate may next reset or adjust (unless the rate changes more frequently than once every 30 days);
11. The amount of any prepayment fee to be charged, if any;
12. A description of any late payment fees;
13. If the original note is lost or otherwise unavailable, all correspondence that was used to establish ownership of the note and the right to enforcement.
14. Any records that identify all notarizations of Servicer documents executed by each notary employed by Servicer.
15. A telephone number or electronic mail address that may be used by the obligor to obtain information regarding the mortgage;
16. For any affidavit that relied on a review of business records for the basis of its affidavit, the referenced business record;
17. Documentation of all efforts made to ensure that you have reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information;
18. A complete payment history, including but not limited to the dates and amounts of all the payments Mr. Kendrick have made on the loan to date;
19. Documents to ensure that your or the foreclosing entity has a documented enforceable interest in the promissory note and mortgage (or deed of trust) under applicable state law, or is otherwise a proper party to the foreclosure action.

20. A breakdown of the amount of claimed arrears or delinquencies, including an itemization of all fees charged to the account;

21. An itemization detailing any corporate advances made by you;

22. The payment dates, purpose of payment and recipient of any and all foreclosure fees and costs that have been charged to his account;

23. The payment dates, purpose of payment and recipient of all escrow items charged to Mr. Kendrick account since Ocwen Loan Servicing, LLC commenced servicing the account;

24. A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last 24 months;

25. A copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to Mr. Kendrick within the last three (3) years;

27. Ocwen failed to either acknowledge the QWR or produce the items requested.

28. On February 2, 2013 Kendrick wrote to Ocwen about their failure to acknowledge receipt of the QWR or produce the items requested. Exhibit 2.

29. Ocwen again failed to either acknowledge the request or produce the documents requested.

30. Kendrick was damaged as a result of Ocwen's failure to produce the items in the QWR because Kendrick is now at risk of foreclosure. The amounts allegedly past due under the Note, including interest and penalty fees could have been avoided if the note were modified to a reasonable interest rate.

31. Kendrick was further damaged as he was unable to determine if Ocwen is a proper servicer of the Mortgage with the authority to make determinations regarding modification of the loan.

32. Kendrick was also endured pain and suffering due to the anxiety of losing his home, sleepless nights, depression and overall suffering.

WHEREFORE, your Plaintiff prays that this Court:

A. Enter judgment against Ocwen in the amount of $300,000 compensatory damages and $300,000 for non-economic damages;

   B.  Order that Ocwen produce the requested documents;

   C.  Award him counsel fees and costs; and

   D.  Grant him such other and further relief as the nature of his cause requires.


_____/s/__Earl Kendrick __
Earl Kendrick

            Respectfully submitted,

            The Law Office of Gerald Solomon, PA
            _____/s/_____
            By Gerald Solomon
            Fed Bar 04287
            9857 Majestic Way
            Boynton Beach, FL 33437
            (561) 735-3536
            Jerry@saveyourdream.us